Cert. Copy of Cert.

## IN THE SUPERIOR COURT OF GUAM

TOMMY LUJAN BENAVENTE,  )  DOMESTIC CASE NO. DM0355-11
                        )
            Plaintiff,  )
                        )
        vs.             )  FINDINGS OF FACT &
                        )  CONCLUSIONS OF LAW
PATRICIA C. BENAVENTE,  )
                        )
            Defendant.  )
_____)

On February 22, 2013, a bench trial was held before the HONORABLE VERNON P. PEREZ. Attorney William B. Pole represented Plaintiff, who was present. Attorney Daniel S. Somerfleck represented Defendant, who was present. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Any finding of fact is also a conclusion of law. Any conclusion of law is also a finding of fact.

2. Plaintiff and Defendant have been residents of Guam for more than ninety (90) days.

3. Plaintiff and Defendant married on February 16, 1991, on Guam.

4. There is one minor child of the marriage, who is Thomas Benavente (D.O.B. March 7, 2001).

5. The date of separation was March 31, 2011.

### CONCLUSIONS OF LAW

6. The Court maintains jurisdiction over this matter pursuant to 7 GCA §§ 3101 and 3105.

7. Parties have stipulated to the following:

    a. <u>Bank Of Hawaii Loan</u>:

*Benavente v. v. Benavente,*
Findings of Fact and Conclusions of Law
Domestic Case No. DM0355-11          - Page 1 of 4 -

The Parties agree that the BOH loan is community debt. The Court will distribute it equally amongst the Parties and require half payments by each Party on a monthly basis. The Bank of Hawaii loan is attached to the family home and will be paid with the sale of the house.

b. Government of Guam Federal Credit Union:

The Parties agree that the GGFCU loan is community debt. The Court will distribute it equally amongst the Parties and require half payments by each Party on a monthly basis. This debt is attached to the family home and will be paid with the sale of the house.

c. Citi Bank Loan:

This loan is in the amount of $7,700.00 and will be assigned separately to the Plaintiff as his sole debt.

d. Guam 2010 Tax:

This debt of $590.00 is Plaintiff's separate debt.

e. Any other debt in a spouse's name alone will be presumed that Parties' separate debt.

f. House:

The Parties only stipulate that the family home is community property. The Parties also agree that the family home should be sold as the amount of debts associated with the house are too great to keep current. The Court orders that the house be sold and all proceeds be divided evenly.

g. 2007 Rav 4:

The Parties and the Court agree that Defendant will assume title to the 2007 Toyota Rav 4.

h. 1996 Corolla:

The Parties and the Court agree that Plaintiff will assume title to the 1996 Toyota Corolla.

i. Retirement:

*Benavente v. v. Benavente,*
Findings of Fact and Conclusions of Law
Domestic Case No. DM0355-11                 - Page 2 of 4 -

The Parties have stipulated that each Party will take as their own, their respective retirement. The Court, while classifying portions of the retirements to be community property, will distribute the retirement solely to the respective Party as such a distribution is equal.

j. Grounds for Divorce:

The Parties have agreed that divorce should be granted on irreconcilable differences. The Court will grant Plaintiff a divorce on the grounds of irreconcilable differences.

8. Based on the stipulations and agreements by the Parties the Court finds that only one major issue remains to be decided by the Court as any issues with the family home have been resolved. That is the custody of the minor child of the marriage.

9. Custody:

Based on the record and the testimony of the Parties, the Court will assign each Party joint legal and physical custody. The Court desires to keep the current situation in place as the discussion in *Lanser v. Lanser,* most appropriately states, "it is desirable that there be an end of litigation and undesirable to change the child's established mode of living." 2003 Guam 14 ¶ 9. If there is any doubt as to what the current situation is, the Court will apply the arrangement discussed page seven of the Marital Settlement Agreement.[1] Yet, if there is mutual agreement by both Parties that week on/week off visitation occur, the Court will allow that to happen.[2]

10. If child support issues remain, the Court will address those issues at a later time.

11. No Party shall recover attorney's fees or costs.

12. Defendant may return to her maiden name.

---

[1] The Court acknowledges that the Marital Settlement Agreement is not being enforced by either Party.

[2] Parties discussed that they may be stipulating to a custody arrangement.

*Benavente v. v. Benavente,*
Findings of Fact and Conclusions of Law
Domestic Case No. DM0355-11          - Page 3 of 4 -

# FINAL DECREE OF DIVORCE

13. On evidence presented to the satisfaction of this Court, Plaintiff's Complaint for Divorce is hereby GRANTED. It is ORDERED and DECREED as a Final Judgment that Plaintiff is entitled to Divorce from Defendant on the above stated grounds. The Parties stipulate to the waiver of the six month grace period and the Court finds that final decree may be entered. The Parties are restored to the status of single persons and either Party may remarry.

14. This is a final judgment of divorce, the Parties are no longer husband and wife.

So ORDERED this _16th_ day of May, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court, Guam

Dated at Agana, Guam, 2013

Deputy Clerk, Superior Court of Guam

*Benavente v. v. Benavente,*
Findings of Fact and Conclusions of Law
Domestic Case No. DM0355-11          - Page 4 of 4 -